[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-10874

Non-Argument Calendar

_____

TECHNOLOJOY, LLC,

                                   Plaintiff-Counter Defendant-Appellant,

IBRAHIM F. ALGAHIM

                                   Plaintiff-Counter Defendant,

*versus*

BHPH CONSULTING SERVICES, LLC,
d.b.a. BHPH Capital Services,

                                   Defendant,

SEAN FOUZAILOFF,
ANATOLIY SLUTSKIY,

Defendants-Counter Claimants-Appellees.

————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:19-cv-23770-FAM

————————————

Before WILSON, JORDAN, and LAGOA, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Technolojoy appeals from the denial of its motion for reconsideration of final judgment and the denial of its motion to amend the pleadings under Federal Rule of Civil Procedure 15(b)(2). First, Technolojoy contends that the district court erred in setting aside the three $750,000 jury awards[1] in favor of Technolojoy under the Florida Deceptive and Unfair Trade Practices Act (FDUTPA). Second, Technolojoy argues that the district court erred by denying its motion to amend the Amended

---

[1] The three awards were against BHPH Consulting, Sean Fouzailoff, and Anatoliy Slutskiy, respectively.

23-10874               Opinion of the Court               3

Complaint to conform to the evidence presented at trial. After careful review, we affirm.

Both orders are subject to an abuse of discretion standard of review. We review a district court's decision to conform the pleadings to the evidence presented at trial for an abuse of discretion. *See In re Westec Corp.*, 434 F.2d 195, 203–04 (5th Cir. 1970) (reviewing denial of leave to amend pleadings at the end of trial for abuse of discretion).[2] And we "review the denial of a motion for reconsideration for an abuse of discretion." *Corley v. Long-Lewis, Inc.*, 965 F.3d 1222, 1234 (11th Cir. 2020).

After review of the district court's well-reasoned orders, we find no abuse of discretion. Regarding the FDUTPA damages, the district court reasoned that Technolojoy was entitled to "actual damages," which it was awarded in the amount of $699,834 for breach of contract. *Technolojoy, LLC v. BHPH Consulting Servs., LLC*, No. 19-23770-CIV, 2023 WL 4763228, at *1 (S.D. Fla. Mar. 6, 2023). Allowing Technolojoy to recover for lost opportunities "would be contrary to FDUTPA and its progeny and would result in a windfall to [Technolojoy]." *Id.* at *1–2 (quoting *Democratic Republic of the Congo v. Air Cap. Grp., LLC*, 614 F. App'x 460, 474 (11th Cir. 2015) ("[A] plaintiff may recover damages on two claims stemming from the same conduct if the total does not exceed actual damages.")).

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

The district court published a separate order denying Technolojoy's motion to amend the complaint to add FDUTPA claims against Fouzailoff and Slutskiy.  The district court reiterated that, while BHPH Consulting was listed on the Amended Complaint, Fouzailoff and Slutskiy were not.  *Technolojoy, LLC v. BHPH Consulting Servs., LLC*, No. 19-23770-CIV, 2023 WL 4763113, at *1 (S.D. Fla. Mar. 3, 2023).  At trial, evidence of the violation was presented as to BHPH Consulting, and it could not "be said that evidence provided fair notice that new claims were entering the case." *Id.*  Thus, Fouzailoff and Slutskiy's "failure to object, without more, does not rise to the level sufficient to find that they gave their implied consent to try the claims." *Id.*  The district did not abuse its discretion in its rulings, and we therefore affirm.

**AFFIRMED.**